**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO: _____

DONOVAN BROWN,

      Plaintiff,

vs.

IMAGING DIAGNOSTIC SYSTEMS, INC., a
Florida corporation, VIABLE MANAGEMENT,
LLC, a limited liability company, and DAVID
FONG, individually,

      Defendants,

_____/

## COMPLAINT

Plaintiff, Donovan Brown, files his Complaint to sue Defendants Imaging Diagnostic Systems, Inc., Viable Management, LLC and David Fong, individually for violations of 29 U.S.C. §§ 201 *et seq*. of the Fair Labor Standards Act ("FLSA"). This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state claims which form part of the same case or controversy as Plaintiff's federal claims. In support thereof, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1) This is an action pursuant to 29 U.S.C. § 201 *et seq*., Fair Labor Standards Act ("FLSA") to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2) Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b).

3) Venue is proper for the United States District Court for the Southern District of Florida because the Defendant does work in this District.

4) During all times relevant to this suit, Plaintiff resided and worked in the Southern

District of Florida, is over 18 years of age and is otherwise *sui juris*.

## BACKGROUND

5)     Defendant is a covered "employer" for purposes of the FLSA as defined in 29 U.S.C. §§ 203(d).

6)     Plaintiff is a covered "employee" pursuant to the FLSA as defined by 29 U.S.C. §§ 203(e).

7)     Defendant, David Fong, is a corporate officer of and exercised operational control over the activities of corporate Defendants.

8)     Plaintiff worked for Defendant pursuant to an oral employment contract from approximately 2007 through the end of 2012.

9)     Plaintiff's regular rate was $45.45 an hour.   Plaintiff's overtime rate is $68.18 an hour.

10)     In 2012, Defendants failed to pay Plaintiff his wages some or all of his wages.

11)     Defendants admitted the wages were owed and made numerous reassurances that the wages would be paid.

12)     Defendants ultimately signed an agreement whereby Defendants acknowledged wages were owed.   See agreement attached hereto as **Exhibit "A."**

13)     Plaintiff relied upon Defendants promises and actions that Defendants would pay his wages.

14)     The agreement was not approved by a Court or the Department of Labor.

15)     Defendants are responsible for recording Plaintiff's actual hours worked and Plaintiff will seek such records from Defendant through discovery.

16)     Plaintiff has retained the undersigned legal counsel to prosecute this action on his

~ 2 ~

behalf and has agreed to pay the firm a reasonable fee for their services.

17)     Plaintiff is entitled to reasonable attorney's fees if he is the prevailing party.

## COUNT I – Violation of the FLSA

18)     Plaintiff re-alleges and asserts paragraphs 1 – 17 as if fully set forth herein.

19)     Plaintiff worked in excess of forty (40) hours in a week on one or more workweeks during his employment with Defendants.

20)     Despite working more than forty (40) hours, Defendants failed to pay Plaintiff any wages for one or more weeks during Plaintiff's employment.

21)     Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff was not paid minimum wage, overtime gap wages and overtime wages.

22)     Plaintiff is also entitled to liquidated damages as Defendants failed to act in a good faith basis in not paying overtime.

23)     Defendant's failure to pay overtime is also willful.

WHEREFORE, Plaintiff demands judgment against Defendants for the unpaid wages, including overtime, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest and any further relief that the Court deems necessary.

## COUNT II – Unpaid Wage Claim

24)     Plaintiff re-alleges and asserts paragraphs 1 – 17 as if fully set forth herein.

25)     Plaintiff was employed by Defendants in which Defendants agreed to pay Plaintiff wages in exchange for his employment.

26)     Plaintiff was employed and work hours for Defendants for which he was not paid.

27)     Plaintiff was damaged as a result of Defendants' failure to pay the agreed upon wages.

28)     Plaintiff is entitled to recover attorney's fees and costs incurred in the recovery of the unpaid wages pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid wages, including reasonable attorney's fees and costs, and for all proper relief including prejudgment interest and any further relief that the Court deems necessary.

## COUNT III – Breach of Contract

29)     Plaintiff re-alleges and asserts paragraphs 1 – 17 as if fully set forth herein.

30)     The Parties executed the attached Settlement Agreement.

31)     Defendants have failed to perform in accordance with the terms of the Settlement Agreement.

32)     Plaintiff has suffered damages as a result of said breach.

33)     Plaintiff is entitled to recover attorney's fees and costs as specifically provided for in the Agreement.   Moreover, the agreement involves the failure to pay wages, entitling Plaintiff to recover attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendants for all damages due and owing, reasonable attorney's fees and costs, and for all proper relief including prejudgment interest and any further relief that the Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, Donovan Brown, demands trial by jury.

PINCUS & CURRIER, LLP
*Counsel for Plaintiff*
DATED:   March 3, 2017       324 North Lakeside Court
West Palm Beach, Florida 33407
Telephone:     561-868-1340
Facsimile:     561-366-1310
E-mail:          rcurrier@pincusandcurrier.com


By: _____/s Romin N. Currier_____
         Romin N. Currier
         Florida Bar No. 566985